Ryan T. Gormley, Esq. (#13494)
CLAGGETT & SYKES LAW FIRM
4101 Meadows Lane, Suite 100
Las Vegas, Nevada 89107
(702) 655-2346 – Telephone
(702) 655-3763 – Facsimile
rgormley@claggettlaw.com

Christopher E. Berman, Esq.
*(pro hac vice* forthcoming*)*
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
(305) 479-2299 – Telephone
cberman@shamisgentile.com

*Counsel for Plaintiff and the Proposed Class*

CLAGGETT & SYKES LAW FIRM

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTIN SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FORMAN AUTOMOTIVE, INC. d/b/a UNITED NISSAN RENO,<br><br>Defendant. | **Case No.:** 2:26-cv-03757<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ. (TCPA)**<br><br>**JURY DEMAND** |

## CLASS ACTION COMPLAINT

1. Plaintiff, Christin Smith ("Plaintiff"), brings this action against Defendant, Forman Automotive, Inc. d/b/a United Nissan Reno ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a putative class action under 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

3. Defendant is an automotive dealership corporation that provides vehicle sales and automotive services to consumers based out of the State of Nevada.

4. To promote its goods and services, Defendant engages in aggressive text message campaigns to consumers with no regard for consumers' rights under the TCPA, even after customers opt out from Defendant's messages.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the classes, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

7. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides in this District, Defendant is incorporated in Nevada and maintains its principal place of business within this state, and Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction. Defendant provides and markets its services within this district, thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the District of Nevada and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such

CLAGGETT & SYKES LAW FIRM

calls have occurred within this district, subjecting Defendant to jurisdiction in the District of Nevada.

**PARTIES**

8. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Washoe County, Nevada.

9. Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 4809 (the "4809 Number") that received Defendant's text message solicitations.

10. Defendant is a Nevada corporation whose principal place of business is at 3025 E. Sahara Ave., Las Vegas, NV 89104, United States.

11. Defendant directs, markets, and provides its business activities throughout the State of Nevada.

12. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

**FACTS**

13. Beginning on or about July 2026, Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff's 4809 Number, from telephone number (775) 347-6899.

14. On or about July 27, 2026, Plaintiff responded with the message "not interested" to Defendant's (775) 347-6899 telephone number, using clear and unambiguous opt-out language to opt out of any further text message communications with Defendant, as shown below:



CLAGGETT & SYKES LAW FIRM

CLAGGETT & SYKES LAW FIRM




15. This same day, following Plaintiff's clear opt-out request, Defendant responded with a confirmation message acknowledging Plaintiff's "not interested" response on July 27, 2026, as shown below:

CLAGGETT & SYKES LAW FIRM




16. Despite Plaintiff's unequivocal opt-out request and Defendant's own confirmation thereof, Defendant continued to send unwanted telemarketing text messages to Plaintiff's 4809 Number, including but not limited to those sent on July 29, 2026, July 30, 2026, and August 2, 2026, demonstrating a willful and knowing disregard for Plaintiff's clearly expressed wishes, as shown below:







17. On or about August 3, 2026, Plaintiff sent a second opt-out request in a further attempt to stop Defendant's unwanted text message communications, (as shown above).

18. This prolonged pattern of violations demonstrates Defendant's complete failure to maintain any functional internal do-not-call procedures and its deliberate choice to ignore consumer opt-out requests.

19. Defendant has the capability of immediately complying with Plaintiff's opt-out requests.

CLAGGETT & SYKES LAW FIRM

20. As demonstrated by the above, Defendant does not honor reasonable consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations by telling Defendant, "not interested," and Defendant confirmed receipt, but Defendant continued to text message Plaintiff, intentionally disregarding Plaintiff's instructions in order to solicit the sale of its services to Plaintiff.

21. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

22. Defendant failed to place Plaintiff on an internal do-not-call list after Plaintiff's explicit opt-out instruction.

23. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

24. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not maintain an internal do-not-call list.

25. Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff, as reflected by the fact that Plaintiff made an explicit opt-out request, which Defendant itself confirmed, and that request was never processed; it was ignored by Defendant and its employees, and Defendant continued to send text messages.

26. These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt-out of future communications are honored within a reasonable time.

27. Indeed, Plaintiff's and the class members' opt-out requests were not honored within a reasonable time from when the opt-out request was made.

28. Defendant's text messages were transmitted to Plaintiff's residential cellular telephone, and within the time frame relevant to this action.



CLAGGETT & SYKES LAW FIRM

29. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., Defendant's automotive sales and services.

30. The information contained in the text messages advertises Defendant's various promotions and offerings, which Defendant sends to promote its business.

31. Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 C.F.R. § 64.1200(d)(1).

32. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarketing in the existence and the use of any internal do not call list pursuant to 47 C.F.R. § 64.1200(d)(2).

33. Defendant sent the subject texts within this judicial district and, therefore, Defendant's violations of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

34. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

35. Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages.

36. Plaintiff has no existing business relationship with Defendant.

37. To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that consent was expressly revoked on at least July 27, 2026, when Plaintiff responded to Defendant with "not interested."

38. Plaintiff is the subscriber and sole user of the 4809 Number and is financially responsible for it.

39. Plaintiff's 4809 Number is her residential number which she uses for personal purposes.



CLAGGETT & SYKES LAW FIRM

40. Plaintiff registered her 4809 Number with the national do-not-call registry on December 10, 2017, and has been registered at all times relevant to this action.

41. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c)(2).

42. The text messages originated from at least telephone number (775) 347-6899, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

43. Upon information and belief, Defendant has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members. Defendant also has access to text message logs showing Plaintiff's and the Class members' inbound opt-out requests.

44. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to her daily life.

45. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that she has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what she was doing to either retrieve her phone and/or look down at the phone to review the message.

46. Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted text messages. In all, Defendant's violations of the TCPA caused Plaintiff to waste at least fifteen minutes of her time in addressing and attempting to stop Defendant's solicitations.



CLAGGETT & SYKES LAW FIRM

47. Additionally, the deliberate nature of Defendant's violations—continuing to send messages after her express opt-out request and Defendant's own confirmation—caused Plaintiff significant additional time loss and frustration.

## CLASS ALLEGATIONS

## PROPOSED CLASSES

48. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated. Plaintiff seeks certification under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) of the following Nationwide Classes (the "Classes"):

> **Do Not Call Registry Class**: All persons in the United States who, within the four years prior to the filing of this Complaint, (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; and (4) for the purpose of promoting Defendant's products and services.

> **National Internal Do Not Call Class**: All persons in the United States who, within the four years prior to the filing of this Complaint, (1) received at least two text messages within any 12-month period; (2) from Defendant or on Defendant's behalf; (3) for the purpose of promoting Defendant's products and services; (4) to the person's personal telephone number; (5) while Defendant did not institute procedures that met the minimum standards required by 47 C.F.R. § 64.1200(d)(1)-(6).

49. The Classes defined above are readily ascertainable from information in Defendant's possession, custody, or control. Thus, such identification of Class Members will be reliable and administratively feasible.

50. Excluded from the Classes are: (1) any judge or magistrate presiding over this action and members of their families; (2) Defendant and its employees or agents; (3) any persons who, after making a request to Defendant to not receive future text messages, subsequently affirmatively opted-in to receive text messages from Defendant; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (6)

Plaintiff's counsel and Defendant's counsel; (7) members of the jury; and (8) the legal representatives, successors, and assigns of any such excluded persons.

51. Plaintiff reserves the right to amend or modify the Class definitions as this case progresses.

52. Plaintiff satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Fed. R. Civ. P. 23.

**NUMEROSITY**

53. Upon information and belief, Defendant has sent text messages to telephone numbers belonging to thousands of consumers listed throughout the United States without their prior express written consent and/or after they had requested to opt-out. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

54. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's text message records.

**COMMON QUESTIONS OF LAW AND FACT**

55. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

a) Whether Defendant sent text messages to Plaintiff and the Class members;

b) Whether Defendant violated 47 C.F.R. § 64.1200(c);

c) Whether Defendant violated 47 C.F.R. § 64.1200(d);

d) Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

e) Whether Defendant keeps records of text recipients who revoked consent to receive texts;



CLAGGETT & SYKES LAW FIRM

CLAGGETT & SYKES LAW FIRM

f) Whether Defendant has any written policies for maintaining an internal do not call list;

g) Whether Defendant's conduct was knowing and willful; and

h) Whether Defendant is liable for damages, and the amount of such damages.

56. The common questions in this case are capable of having common answers. If, as alleged herein, Defendant routinely sends text messages to consumers after they had requested to be opted out and at times prohibited by law, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

57. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

58. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**SUPERIORITY**

59. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

60. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

61. The litigation of the claims brought herein is manageable. Defendant's conduct and the ascertainable identities of Class Members demonstrate that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

62. Adequate notice can be given to Class Members directly using information maintained in Defendant's records.

## CLAIMS FOR RELIEF

## COUNT I

### Violation of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

63. Plaintiff repeats and realleges paragraphs 1 through 62 of this Complaint and incorporates them by reference herein.

64. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

65. 47 C.F.R. § 64.1200(e) provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers."[1]

---

[1] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003). Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

66. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity."

67. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

68. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

69. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone solicitation in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

70. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**

**Violation of 47 U.S.C. § 227(c)(2)**
**(Individually and on Behalf of the National Internal Do Not Call Class)**

71. Plaintiff re-alleges and incorporates paragraphs 1 through 62 as if fully set forth herein.



CLAGGETT & SYKES LAW FIRM

72. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

73. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards: . . .

> (3) **Recording, disclosure of do-not-call requests.** If a person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed ten (10) business days from the receipt of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the call is made, the person or entity on whose behalf the call is made will be liable for any failures to honor the do-not-call request. A person or entity making an artificial or prerecorded- voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) or any call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a call is made or an affiliated entity.
>
> (6) **Maintenance of do-not-call lists.** A person or entity making artificial or prerecorded-voice telephone calls pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes must maintain a record of a consumer's request not to receive further calls. A



CLAGGETT & SYKES LAW FIRM

> do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

74. Under 47 C.F.R. § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."

47 C.F.R. § 64.1200(e).

75. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

76. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

77. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendant, pursuant to 47 C.F.R. § 64.1200(d).

78. Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

79. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

80. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

81. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.



CLAGGETT & SYKES LAW FIRM

CLAGGETT & SYKES LAW FIRM

82. Plaintiff and the National Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Classes;

c) An order declaring that Defendant's actions, set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all text message solicitations to numbers on the Do Not Call Registry, and to otherwise protect the interests of the class members;

e) An award of Plaintiff's attorneys' fees, litigation costs, and pre- and post-judgment interest; and

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Classes, hereby demands a trial by jury on all issues so triable.

/ / /

/ / /

/ / /

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

Dated: November 10, 2026.

Respectfully submitted,

CLAGGETT & SYKES LAW FIRM
*/s/ Ryan T. Gormley*
Ryan T. Gormley, Esq. (#13494)
4101 Meadows Lane, Suite 100
Las Vegas, Nevada 89107

Christopher E. Berman, Esq.
(*pro hac vice* forthcoming)
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue, Suite 705
Miami, Florida 33132

*Counsel for Plaintiffs and the Proposed Class*

CLAGGETT & SYKES LAW FIRM